IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern District)

| | | |
|---|---|---|
| PROTECTION ONE ALARM MONITORING, INC. | * | |
| Plaintiff | * | |
| v. | * | |
| GLESSNER PROTECTIVE SERVICES, INC., et al. | * | Case No.: JFM02CV3653 |
| Defendants | * | |
| * * * * * * * * * | | |
| GLESSNER PROTECTION SERVICES, INC. | * | |
| Counterplaintiff | * | |
| v. | * | |
| PROTECTION ONE ALARM MONITORING, INC. | * | |
| Counterdefendant | * | |
| * * * * * * * * * * * * * | | |

### *MEMORANDUM IN SUPPORT OF GLESSNER'S MOTION TO COMPEL DISCOVERY RESPONSES*

This memorandum is filed in support of Glessner's Motion to Compel Discovery Responses in accordance with FRCP 37 and Local Rule 104.8.

Copies of the interrogatory answers and RFP responses served by plaintiff Protection One Alarm Monitoring, Inc., plaintiff ("Protection One") are respectively attached hereto as exhibits A and B.

A.  *Interrogatory Answers*.

**Interrogatory No. 2**.  Itemize and show how you calculate any damages claimed by you in this action, whether economic, non-economic, punitive or other.  (Standard Interrogatory No. 2)

**Response to Interrogatory No. 2**.  Protection One objects to this interrogatory on the grounds that it is premature and that Protection One is in the process of ascertaining the amount of damages it has sustained by reason of defendants' wrongful conduct.  Protection One is unable to answer this interrogatory in full because Protection One is in the process of investigating and discovering the information sought by this interrogatory.  Subject to

its objections, Protection One refers defendants to paragraph 6 of the parties' Agreements to Purchase Monitoring Accounts and to paragraphs 7 and 8 of the April 6, 1999 Agreement for Ongoing Purchase and Sale of Assets.

**Basis for Motion to Compel**.  Interrogatory No. 2 required Protection One to itemize and show how it calculated the damages claimed by it in this action.  (The Interrogatory is the same as Standard Interrogatory No. 2.)  Protection One has failed to answer this Interrogatory, stating that it is presently unable to do so.  Since Protection One has produced over 1200 pages of documents which shows customers who it claims switched from Protection One to GPS, Protection can certainly answer this Interrogatory to the extent of those accounts which it presently claims it lost due to GPS's improper activity.

**Interrogatory No. 15**.  Identify all customers whose accounts were lost by Protection One, as alleged in paragraph 40 of your Complaint.

**Response to Interrogatory No. 15**.  Protection One objects to this interrogatory on the ground that it seeks information uniquely within the knowledge of defendants.  Protection One further objects to this interrogatory on the ground that it seeks information that is not within Protection One's knowledge, possession, custody or control.  Moreover, Protection One is unable to answer this interrogatory in full because Protection One is in the process of investigating and discovering the information sought by this interrogatory.  Protection One also objects to this interrogatory on the grounds that it is duplicative and harassing.  Subject to its objections, Protection One answers as follows:

Protection One incorporates its answer to Interrogatory Number 4 herein by reference.  Protection One further refers defendants to the documents identified in response to Interrogatory Number 3 which may include documents responsive to this interrogatory.

**Basis for Motion to Compel**.  Interrogatory No. 15 requires Protection One to identify all customers whose accounts were lost by it, as alleged in paragraph 40 of the Complaint.  There is absolutely no reason why Protection One cannot answer this Interrogatory based upon the information in its possession.  The incorporation by reference fails to state what customers were lost.  If Protection One lost only the customers listed on document P0 00983-00986 and this list shows the names of all customers that it is aware that it lost, the response to

Interrogatory No. 15 should say so.  (Protection One's counsel has refused to file a supplemental answer to this effect.)

**Interrogatory No. 16**.  State all facts concerning the allegations in paragraph 46 of the Complaint that Defendants exercised dominion and control over Protection One's "equipment" and "telephone lines" thereby wrongfully depriving Protection One of that property, identify all persons having personal or expert knowledge thereof, and identify all documents supporting or evidencing these allegations.

**Response to Interrogatory No. 16**.  Protection One objects to this interrogatory on the ground that it seeks information uniquely within the knowledge of defendants.  Protection One further objects to this interrogatory on the ground that it seeks information that is not within Protection One's knowledge, possession, custody or control.  Moreover, Protection One is unable to answer this interrogatory in full because Protection One is in the process of investigating and discovering the information sought by this interrogatory.  Subject to its objections, Protection One answers that in violation of defendants' non-solicitation obligations under the parties' April 6, 1999 Agreement for Ongoing Purchase and Sale of Assets, Glessner has solicited security service business from Robert Hall. l Ms. Leesa Mason has personal knowledge concerning these facts.  Protection One further refers defendants to the documents identified in response to Interrogatory Number 3 which may include documents responsive to this interrogatory.

**Basis for Motion to Compel**.  This interrogatory requires Protection One to state all facts concerning the allegations in paragraph 46 of this Complaint that defendants exercised dominion and control over Protection One's "equipment" and "telephone lines" thereby wrongfully denying Protection One of that property, to identify all persons having personal or expert knowledge thereof, and to identify all documents supporting these allegations.  Protection One's answer does not set forth the facts required, or identify any document other than the April 6, 1999 Agreement for Ongoing Purchase and Sale of Assets.  If it is Protection One's position that there are no facts other than the contents of the April 6, 1999 Agreement supporting this claim, Protection One should say so.  (Protection One has refused to file a supplemental answer to this effect.)

**Interrogatory No. 21**.  Identify each customer who moved their non-monitoring services to Protection One and the date of each movement.

**Response to Interrogatory No. 21**.  Protection One objects to this interrogatory on the grounds that "customer" is vague and ambiguous.  Protection One further

- 3 -

objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Protection One also objects to this interrogatory on the grounds that "moved their non-monitoring services" is vague and ambiguous. Protection One objects to this interrogatory on the ground that it seeks information uniquely within the knowledge of defendants. Moreover, Protection One objects to this interrogatory on the ground that it seeks information that is not within Protection One's knowledge, possession, custody or control. Protection One is unable to answer this interrogatory because it is in the process of investigating and discovering the information sought by this interrogatory.

**Basis for Motion to Compel**. This Interrogatory requires Protection One to identify all customers who moved their non-monitoring service to Protection One and the date of the movement. The Response refuses to do so on the basis that Protection One is "in the process of investigating discovery information sought by this interrogatory." The Interrogatory was propounded on January 2, 2003, and Protection One has had over two months to obtain and furnish this information. It should do so now, without further delay. (Protection One's counsel has not been willing to set a date when this information would be furnished.)

**Interrogatory No. 22**. Identify all other litigation, instituted or pending during the past five years, involving Protection One, or any of its affiliates or related companies, in which Protection One has asserted against any other company providing security claim services that there has been a breach of any agreement or other wrongful act by such company, including in your answer a brief description of the litigation and its status, the court where filed, and the docket number.

**Response to Interrogatory No. 22**. Protection One objects to this interrogatory on the ground that it seeks information that is not relevant to the claim or defense of any party. Protection One further objects on the grounds that this interrogatory is unduly burdensome and harassing.

**Basis for Motion to Compel**. This interrogatory requests Protection One to identify all the litigation, instituted or pending during the past 5 years, in which Protection One has asserted against any other company providing security alarm services that there has been a breach of any agreement or any other wrongful act by that company. Defendants are certainly entitled to know what claims Protection One made against companies similar to GPS under similar circumstances and the basis for those claims. The objection that the interrogatory is burdensome and harassing is frivolous, since it would appear that the litigation would consist of

- 4 -

a handful of cases which can easily be identified by Protection One. One can assume that Protection One's general counsel has this information readily available, probably in electronic memory, and that it could be furnished quickly and easily.

**Interrogatory No. 23**. If you intend to rely upon any documents or other tangible things, not previously described in your answers to these interrogatories, to support a position you have taken or intend to take in this case, identify all such documents and other tangible things and identify all such persons having possession, custody, or control of them.

**Response to Interrogatory No. 23**. Protection One objects to this interrogatory on the ground that it seeks material in the possession of defendants. Moreover, Protection One is unable to answers this interrogatory in full because it is in the process of investigating and discovering the material sought by this interrogatory. Subject to its objections, Protection One answers that, in addition to the documents identified in its answers to these interrogatories, Protection One will make documents available for inspection and copying in response to defendants' Request for Production of Documents.

**Basis for Motion to Compel**. This Interrogatory requests Protection One to identify any other documents or tangible things, not previously described in its previous answers, that support any position that Protection One has taken or intends to take in this case. No response is given, other than that Protection One will be producing documents. Defendants are entitled to the information requested, and Protection One should furnish it. If there are no other responsive documents, Protection One should say so.

B. *Request for Production of Documents*.

**Document Request No. 11:** All forms of contracts or agreements which Protection One utilized with respect to the customers involved in its case. If Protection One utilized any form for a limited period of time, state the period of time when each form was utilized.

**Response to Document Request No. 11:** Protection One objects to this Request on the grounds that it is overly broad and unduly burdensome. Protection One further objects to this request on the ground that it seeks material that is not relevant to the claim or defense of any party.

**Basis for Motion to Compel**. RFP 11 required Protection One to produce all forms of contracts or agreements which Protection One utilized with respect to its customers involved in this case. Protection One has refused to produce these documents on the grounds

- 5 -

that it did not seek relevant documents and that this production would be overly broad and unduly burdensome. Presumably Protection One has used a similar form with respect to each of its customers during the time period involved. The form may occasionally have changed. Presumably we are talking about a handful of forms, at most. They should be produced. These forms will, among other things, show whether Protection One or its customers owned the equipment and telephone lines, which is very relevant to Protection One's Count 3 conversion claim in its Counterclaim.

## LOCAL RULE 104.7 CERTIFICATE

Robert J. Carson, one of Defendants' attorneys, hereby certifies that he held a telephone discovery conference with Jason Otto, one of Protection One's attorneys, on Friday, February 21 at approximately 2:00 p.m., Messrs. Carson and Otto having previously agreed to hold a discovery telephone conference at that time. Mr. Carson had previously furnished opposing counsel with a February 19 letter addressing the missing information and documents in Protection One's interrogatory answers and RFP response. As a result of the telephone conference, Protection One's counsel was unwilling to change or supplement the interrogatory answers and the RFP response described above. (On the other hand, four interrogatory answers and one RFP response were satisfactorily discussed and resolved.)

Robert J. Carson
Fed. Bar # 01021
Robert J. Carson, P.A.
345 Green Street
Havre de Grace, Maryland 21078
(410) 939-0050

Morris Kletzkin
Fed. Bar #15171
Friedlander, Misler, Sloan, Kletzkin &
 Ochsman, PLLC
1101 17th Street, N.W., Suite 700
Washington, D.C. 20036
(202) 872-0800

Attorneys for Glessner Protection Services, Inc.,
Robert L. Glessner, Jr., and Doris B. Glessner,
Defendants and Counterplaintiff

Glessner//Memorandum in Support of Glessner's Motion to Compel Discovery Responses