IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| PROTECTION ONE ALARM MONITORING, INC., | * |
| | * |
| Plaintiff, | |
| | * |
| v. | Civil No. JFM-02-CV-3653 |
| | * |
| GLESSNER PROTECTIVE SERVICES, INC., *et al.*, | |
| | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN OPPOSITION TO GLESSNER'S
MOTION TO COMPEL DISCOVERY RESPONSES**

Plaintiff Protection One Alarm Monitoring, Inc. ("Protection One"), by its undersigned attorneys, respectfully submits this memorandum in opposition to Defendants', Glessner Protective Services, Inc. ("GPS"), Robert L. Glessner, Jr. and Doris B. Glessner (collectively "Defendants"), Motion to Compel Discovery Responses.

**PRELIMINARY STATEMENT**

Protection One has fully complied with its discovery obligations, and Defendants' motion to compel is without merit. Protection One served timely responses and objections to Defendants' Interrogatories and Document Requests on February 4, 2003. Protection One provided complete responses to Defendants' relevant requests based on all the facts known to it at the time it responded. As of the date of Defendants' motion to compel, Protection One had already produced 1252 pages of documents in response to Defendants' discovery requests. As is explained more fully below, Protection One produced additional documents that may be responsive to certain of Defendants' discovery requests on February 11 and March 10, 2003. In short, Plaintiff has produced voluminous discovery material to Defendants in full compliance with the Federal

Rules of Civil Procedure and the Local Rules of this Court. Defendants' motion to compel should be denied in its entirety.

## STATEMENT OF FACTS

As set forth more fully in the Complaint, Protection One brought this action to stop Defendants from wrongfully soliciting Protection One's customer accounts for security alarm monitoring services. (Compl. ¶24) Under successive Agreements to Purchase Monitoring Accounts, Protection One purchased alarm monitoring rights for certain customers from Defendants. (Id. ¶13) While Protection One provided alarm monitoring services for the customers acquired from Defendants, GPS continued to provide non-monitoring services, such as repairs, for these customers.[1] (Id.) As consideration for Protection One's purchase of these alarm monitoring accounts, Defendants agreed not to solicit the customer accounts they sold to Protection One. (Id. ¶14)

On April 6, 1999, the parties entered into an Agreement For Ongoing Purchase And Sale of Assets (the "April 1999 Agreement"). (Id. ¶17) As alleged in ¶17 of the Complaint, "[u]nder the April 1999 Agreement, Protection One purchased not only the right to provide monitoring services for customer accounts sold by Defendants, but also Defendants' interest in other "Assets", including "Customer Accounts", "Equipment" and "Telephone Lines" as outlined in ¶2.1, and defined in ¶1." Defendants also agreed in the April 1999 Agreement that they would not solicit security service business from the customers whose accounts they sold to Protection One. (Id. ¶21)

---

[1] As part of its counterclaim, GPS alleges that Protection One provided non-monitoring services to customers with respect to whom Protection One had only purchased the alarm monitoring rights from Defendants.

Defendants have embarked on a strategy of stealing back customers whose accounts they sold to Protection One in direct violation of Defendants' nonsolicitation obligations under the parties' agreements. Thus far, Protection One has discovered 75 customer accounts wrongfully stolen by Defendants. Protection One has brought this action to stop Defendants from wrongfully soliciting business which they sold to Protection One.

## ARGUMENT

Set forth below is each request with respect to which Defendants have moved to compel. Defendants' motion to compel should be denied in its entirety.

### I.   INTERROGATORY ANSWERS

**Interrogatory No. 2**.  Itemize and show how you calculate any damages claimed by you in this action, whether economic, non-economic, punitive or other.  (Standard Interrogatory No. 2)

Defendants are well aware of the damages to which Protection One is entitled. In its answer to this interrogatory, Protection One refers Defendants to the relevant paragraphs of the parties' purchase agreements which expressly set forth the remedy to which Protection One is entitled in the event that Defendants wrongfully solicit Protection One customer accounts.

Paragraph 6 of the parties' Agreements to Purchase Monitoring Accounts ("Agreements") states, in relevant part, that:

> "Seller [Defendants] hereby agrees to refund five times the purchase price allocated to the monitoring account solicited and to reimburse Buyer [Protection One] for the net profit which the Buyer would have earned for services rendered to the Subscriber for a period of five (5) years following solicitation of the Subscriber's account."

Protection One has further produced to Defendants a list of all of the customer accounts wrongfully solicited by Defendants in violation of the Agreements, which Protection One has been able to discover to date. As these documents reflect, to date, Protection One is aware of 75 customer accounts wrongfully solicited by Defendants. Therefore, Protection One has provided

3

Defendants with sufficient information to ascertain the damages incurred by Protection One under the Agreements.

Of course, discovery is nowhere near completion, and therefore, Protection One presently is not able to ascertain the full extent of the damages it has incurred by reason of Defendants' unlawful conduct. Not a single deposition has been taken and Protection One is continuing its investigation into the extent of Defendants' wrongful solicitation of customer accounts. In fact, after Defendants brought this motion to compel, in response to certain discovery requests served by Protection One, Defendants produced a list of 109 customers to whom GPS provides alarm monitoring services and who were customers whose alarm monitoring accounts were sold or otherwise transferred by GPS to Protection One. Protection One will supplement its answer to this interrogatory consistent with Rule 26(e) of the Federal Rules of Civil Procedure as relevant facts are discovered. Defendants' motion to compel should be denied.

**Interrogatory No. 15**. Identify all customers whose accounts were lost by Protection One, as alleged in paragraph 40 of your Complaint.

Interrogatory 15 is typical of many of Defendants' interrogatories which are duplicative and apparently designed to harass Protection One. Interrogatory 15 is essentially duplicative of interrogatory 6, Protection One's answer to which Defendants have raised no objection. Protection One has answered interrogatory 15 fully based on the facts known to it, rendering Defendants' motion to compel baseless.

Paragraph 40 of Plaintiff's Complaint, which is set forth under Count II for tortious interference with Prospective Advantage against GPS, alleges that "[b]y reason of Defendants' wrongful interference with Protection One's relationships with its customers, Protection One has lost a substantial number of accounts." The information sought by this interrogatory is obviously within the possession of Defendants, not Protection One. Defendants are well aware of the circumstances of their own wrongful interference with Protection One's customers. Because the

4

cumstances of their own wrongful interference with Protection One's customers. Because the information sought by this interrogatory is uniquely within the knowledge of Defendants, Defendants' objection to Protection One's answer is without merit.

Even though Defendants possess the information sought by this interrogatory, Protection One has answered, to the extent it can, the interrogatory based on its independent investigation into Defendants' wrongful conduct. Given the duplicative nature of interrogatory 15, in its answer, Protection One referred Defendants to its answer to interrogatory 4 and to the documents identified in response to interrogatory 3.

In its answer to interrogatory 4, Protection One identified two customers to whom GPS made false statements concerning Protection One and identified documents relevant to those incidents. Moreover, among the documents identified in its answer to interrogatory 3, are lists of all of the customer accounts wrongfully solicited by Defendants, which Protection One has discovered to date.

Protection One is in the process of investigating the circumstances of Defendants' wrongful solicitation of these customers. However, as stated above, certainly Defendants know the Protection One customers to whom Defendants have made false statements concerning Protection One, thereby causing those customers to cease their business relationships with Protection One and enter into new relationships through Defendants. Defendants' motion to compel is, therefore, baseless and should be denied.

**Interrogatory No. 16**. State all facts concerning the allegations in paragraph 46 of the Complaint that Defendants exercised dominion and control over Protection One's "equipment" and "telephone lines" thereby wrongfully depriving Protection One of that property, identify all persons having personal or expert knowledge thereof, and identify all documents supporting or evidencing these allegations.

As with most of the facts in this case, only Defendants know the full details of their scheme to steal back the customers they sold to Protection One. Thus, like its other objections, Defendants' objection to Protection One's answer to interrogatory 16 is without merit.

As explained above and more fully in the Complaint, under the parties' April 1999 Agreement, Protection One purchased not only the right to provide alarm monitoring services for customer accounts sold by Defendants, but also Defendants' interest in other "Assets", including "Customer Accounts", "Equipment" and "Telephone Lines" as defined in the contract. Defendants further represented that they "shall have good and marketable title to the Assets ..." in the April 1999 Agreement.

In response to interrogatory 16, Protection One answered that Defendants' wrongfully solicited security service business from Robert Hall. Robert Hall's account was among the "Assets" acquired by Protection One from Defendants under the April 1999 Agreement. Protection One identified Ms. Leesa Mason as having personal knowledge concerning these facts. Protection One further referred Defendants to the documents identified in response to interrogatory 3, which includes documents concerning the Hall account.

Contrary to Defendants' suggestion, Protection One does not take the position "that there are no facts other than the contents of the April 6, 1999 Agreement supporting this claim ...". To the contrary, as explained in Protection One's response to interrogatory 16, Defendants presumably are in possession of the facts concerning the disposition of the "Equipment" and "Telephone

6

Lines" in connection with the Hall account which was wrongfully solicited by Defendants. Therefore, Defendants' motion to compel should be denied.

**Interrogatory No. 21**. Identify each customer who moved their non-monitoring services to Protection One and the date of each movement.

This interrogatory aims to discover facts supporting the allegations set forth in GPS's own Counterclaim against Protection One. Protection One is investigating the allegations set forth in GPS's Counterclaim. However, as Protection One explained in its response to interrogatory 21, as of the date of service of its answers, Protection One had yet to identify any customers who moved their non-monitoring services to Protection One.

Since serving its answers, Protection One's investigation of GPS's allegations has yielded information that may be responsive to this interrogatory. On March 10, 2003, Protection One served documents bearing bates numbers PO 01254-02015 which may be responsive to interrogatory 21. Therefore, Defendants' objection to Protection One's response has been rendered moot, and should be denied.

**Interrogatory No. 22**. Identify all other litigation, instituted or pending during the past five years, involving Protection One, or any of its affiliates or related companies, in which Protection One has asserted against any other company providing security claim [sic] services that there has been a breach of any agreement or other wrongful act by such company, including in your answer a brief description of the litigation and its status, the court where filed, and the docket number.

Defendants' only basis for their motion to compel an answer to interrogatory 22 is their conclusory assertion that "Defendants are certainly entitled to know what claims Protection One made against companies similar to GPS under similar circumstances and the basis for those claims." However, Defendants fail to explain why other litigation, whether or not similar to this action, is relevant. Other litigation clearly has no relevance to this case.

Protection One's claims against other companies, which are not parties to this lawsuit, have absolutely no bearing on this action. The contracts, agreements, facts and issues involved in other litigations brought by Protection One are not being litigated in this case, and therefore, are not "relevant to the claim or defense of any party ... ." *See* F.R.C.P. 26(b). Because other

7

lawsuits brought by Protection One are not relevant to this action, Defendants may not obtain discovery of this information, and their motion to compel should be denied.

**Interrogatory No. 23**. If you intend to rely upon any documents or other tangible things, not previously described in your answers to these interrogatories, to support a position you have taken or intend to take in this case, identify all such documents and other tangible things and identify all such persons having possession, custody, or control of them.

Defendants' motion to compel an answer to interrogatory 23 borders on the frivolous. This interrogatory represents nothing more than a "catchall" by which Defendants seek to require Protection One to produce anything important for which Defendants forgot to ask or failed to think of.

As the only basis for their motion to compel, Defendants make the bald assertion that they "are entitled to the information requested, and Protection One should furnish it." Defendants' basis for their motion to compel is as hollow as the interrogatory. As is readily apparent, Defendants fail to request any information in interrogatory 23, other than, generally, that which Protection One may find useful. Defendants' motion to compel an answer to this interrogatory should be denied.

## II. REQUEST FOR PRODUCTION OF DOCUMENTS

**Document Request No. 11**: All forms of contracts or agreements which Protection One utilized with respect to the customers involved in this case. If Protection One utilized any form for a limited period of time, state the period of time when each form was utilized.

Defendants' motion to compel production of all *forms* of customer agreements is without merit. First, essentially all of the customer agreements involved in this case were entered into between GPS and a given customer. This is because GPS was the installing alarm company for the customer, while Protection One simply purchased the right to provide alarm monitoring service (with the exception of those customer accounts which Protection One acquired under the April 1999 Agreement). Presumably, Defendants are in possession of all of the customer agree-

ments into which they entered. Therefore, Defendants' have not demonstrated any need for the documents requested.

Secondly, the *forms* of customer agreements are obviously not relevant to the claims or defenses of the parties, and therefore, are not discoverable. While a particular customer agreement may be relevant, Defendants fail to explain why the form of the agreement itself has relevance. Defendants argue that "[t]hese forms will, among other [unspecified] things, show whether Protection One or its customers owned the equipment and telephone lines, which is very relevant to Protection One's Count 3 conversion claim in its Counterclaim [sic]." This is nonsense. As discussed above, in the April 1999 Agreement, Defendants represented that they had "good and marketable title to the Assets ...", which they sold to Protection One. The April 1999 Agreement defined "Assets" as including the Equipment and Telephone Lines being sold by Defendants to Protection One. Therefore, the *forms* of customer agreements have no relevance to this issue.

Finally, Protection One has used many different forms of customer agreements in the course of business. Requiring production of all of these forms would entail undue burden and expense, particularly when Defendants have failed to explain the need for and relevance of such forms. Defendants' motion to compel should be denied.

9

## CONCLUSION

For all of the foregoing reasons, Defendants' motion to compel should be denied in its entirety.

Respectfully submitted,

**March 18, 2003**

_____
Steven F. Wrobel (Fed. Bar No. 24985)
Caroline D. Ciraolo (Fed. Bar No. 11850)
MARTIN SNYDER & BERNSTEIN, P.A.
217 East Redwood Street - Suite 2000
Baltimore, Maryland 21202
Tel: (410) 547-7163
Fax: (410) 547-1605
*Attorneys for Plaintiff Protection One Alarm Monitoring, Inc.*

OF COUNSEL:
David G. Januszewski (Pro Hac Vice)
Jason A. Otto (Pro Hac Vice)
CAHILL GORDON & REINDEL
80 Pine Street
New York, New York 10005
Tel: (212) 701-3000
Fax: (212) 269-5420