IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern District)

| | | |
|---|---|---|
| PROTECTION ONE ALARM MONITORING, INC. | * | |
| Plaintiff | * | |
| v. | * | |
| GLESSNER PROTECTIVE SERVICES, INC., et al. | * | Case No.: JFM02CV3653 |
| Defendants | * | |
| GLESSNER PROTECTION SERVICES, INC. | * * | |
| Counterplaintiff | * | |
| v. | | |
| PROTECTION ONE ALARM MONITORING, INC. | * | |
| Counterdefendant | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### GLESSNER'S REPLY TO MEMORANDUM
### IN OPPOSITION TO GLESSNER'S MOTION TO COMPEL DISCOVERY RESPONSES

Glessner Protective Services, Inc. ("GPS"), defendant and counter-plaintiff, and Robert L. Glessner, Jr. and Doris B. Glessner, defendants (all of whom are hereinafter sometimes collectively called "Glessner"), by their undersigned attorneys, submit this brief reply to Protection One's Memorandum in Opposition to Glessner's Motion to Compel Discovery Responses.

First, it should be noted that the April 1999 Agreement between the parties only related to ten customer accounts which GPS then sold to Protection One. All of the other approximately 3,000 accounts involved in this case had previously been sold by GPS to Dynawatch under separate and different agreements which provided in pertinent part that the monitoring services thereunder were being assigned to Dynawatch, with GPS agreeing not to solicit these customers for those services, but with the non-monitoring service function (maintenance, repair and upgrades) relating to these accounts being retained by GPS. GPS in its Counterclaim asserts that Protection One has violated the terms of those agreements by providing non-monitoring services to the customers involved, and discovery shows that indeed that has been the case in many instances.

Second, it should be noted that GPS sold the alarm equipment to its customers, who were the owners of the Equipment and the Telephone Lines described in the April 1999 Agreement. The Equipment is defined in the Agreement as "all installations and equipment owned or leased by Seller". Telephone Lines are defined to "mean Seller's interest in the telephone lines...." GPS, as the Seller, did not own or have any interest in the Equipment or the Telephone Lines.

Finally, the Court will note that Protection One's responses to Glessner's Interrogatories and RFP are often evasive and fail to answer the question stated or to produce the documents requested. A few examples will suffice:

*INTERROGATORY NO. 2*. This Interrogatory, which is Standard Interrogatory No. 2, requests Protection One to itemize and show how it calculated the damages which it claims in this case. It has failed and refused to do so, stating that GPS has sufficient information to calculate these damages. That is incorrect. The second prong of the formula set forth in paragraph 6 of the Agreements to Purchase Monitoring Accounts would require GPS to reimburse Protection One "for the net profit which the Buyer [now Protection One] would have earned for services rendered to the Subscriber for a period of five (5) years following solicitation of the Subscriber's account." Protection One has not set forth a calculation or description of this net profit, and there is absolutely no way that GPS would know this figure. Protection One should be required to set forth in mathematical and precise terms its calculation of all the damages claimed by it, as required by Interrogatory No. 2.

*INTERROGATORY NO. 15*. Protection One's response and the contents of its Memorandum in Opposition fail to identify all customers whose accounts were lost by Protection One, as required. Protection One should be required to do so.

*INTERROGATORY NO. 16*. This Interrogatory requires Protection One to state all facts concerning the allegations in paragraph 46 of the Complaint that Defendants exercised dominion and control over Protection One's "Equipment" and "Telephone Lines." Protection One does not answer the question, or identify any document other than the April 1999 Agreement. As stated in the Memorandum in Support of the Motion, if it is Protection One's position that there are no facts other than the contents of the April 1999 Agreement which show that GPS exercised dominion and control over the Equipment and Telephone Lines, Protection One should say so.

**DOCUMENT REQUEST NO. 11**. This RFP required Protection One to produce all forms of contracts or agreements which Protection One utilized with respect to the customers involved in this case. Presumably, any such forms would show that Protection One did not own any of the Equipment or Telephone Lines, because the previous alarm company (GPS) did not.

- 3 -

## LOCAL RULE 104.7 CERTIFICATE

There is a Local Rule 104.7 Certificate attached to the Memorandum in Support of the Motion to Compel.

                                        Robert J. Carson
                                        Fed. Bar # 01021
                                        Robert J. Carson, P.A.
                                        345 Green Street
                                        Havre de Grace, Maryland  21078
                                        (410) 939-0050

                                        Morris Kletzkin
                                        Fed. Bar #15171
                                        Friedlander, Misler, Sloan, Kletzkin &
                                         Ochsman, PLLC
                                        1101 17th Street, N.W., Suite 700
                                        Washington, D.C.  20036
                                        (202) 872-0800

                                        Attorneys for Glessner Protection Services, Inc.,
                                        Robert L. Glessner, Jr., and Doris B. Glessner,
                                        Defendants and Counterplaintiff

- 4 -

## NOTICE OF SERVICE

**I HEREBY CERTIFY** that on this 28th day of March, 2003, copies of Glessner's Reply to Memorandum in Opposition to Glessner's Motion to Compel Discovery Responses were faxed and mailed, by first-class mail, postage prepaid to Stephen F. Wrobel, Esq., and Caroline D. Ciraolo, Esq., Martin, Snyder & Bernstein, P.A., Redwood Tower, Suite 2000, 217 E. Redwood Street, Baltimore, Maryland  21202, and to David J. Januszewski, Esq., and Jason A. Otto, Esq., Cahill, Gordon & Reindel, 80 Pine Street, New York, New York  10005, attorneys for plaintiff Protection One Alarm Monitoring, Inc.

                                                        Robert J. Carson
                                                        Fed. Bar # 01021
                                                        Robert J. Carson, P.A.
                                                        345 Green Street
                                                        Havre de Grace, Maryland  21078
                                                        (410) 939-0050

Glessner//Reply Motion to Compel Discovery